IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

No. 08 –CR-241-7

v.

The Honorable Blanche Manning

**RUEBEN ROMO**

## MOTION TO EXCLUDE CODEFENDANT STATEMENTS AND FOR SEVERANCE

Defendant, RUEBEN ROMO, by his attorney, Eugene O'Malley, moves this Court for an order:

1) Excluding from any trial of the moving defendants statements made by his co-defendants. The statements in questions are alleged confessions that implicate the moving defendant.

2) Granting a severance of the moving defendant from the trial of his co-defendants.

3) The grounds for the motion are that admission of the confession of a co-defendant in a joint trial without independent indications of the confession's reliability is barred by the Confrontation Clause of the Sixth Amendment of the United States Constitution in that:

   a. A pretrial admission of one defendant may not be admitted against the other unless the other unless the confessing defendant takes the stand, which, defendant submits, may not happen in this case. Pointer v. Texas, 380 U.S. 400, 404, 406-407, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); accord Richardson v. Marsh, 481 U.S. 200, 206, 107 S. Ct. 1702, 95 L. Ed. 176 (1987).

   b. A pretrial admission of one defendant may not be admitted even against that confessing defendant at a joint trial because a warning to the jury to restrict its consideration of this powerful evidence only to the confessing defendant will not suffice to protect the nonconfessing defendant's confrontation rights. Bruton v. United States, 391 U.S. 123, 135-136, 88 S. Ct.

>   1620, 20 L. Ed. 2d 476 (1968); accord Richardson v. Marsh, 481 U.S. 200, 207, 107 S. Ct. 1702, 95 L. Ed. 176 (1987).
>
>   c. Even at a separate trial, "the arrest statements of a codefendant have traditionally been viewed with strong suspicion. Due to his strong motivation to implicate the defendant and exonerate himself, a codefendant's statements... are less credible than ordinary hearsay." See Bruton v. United States, 391 U.S. 123, 141, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968) (White, J., dissenting); accord Lee v. Illinois, 476 U.S. 530, 106 S. Ct. 2056, 90 L. Ed. 2d 514 (1986).

4) This motion is based on this document, the papers and records on file in this action, and on whatever evidence and argument is presented at the hearing of this motion.

5) Defendant requests this Honorable Court to allow defendant 21 days to submit a Memorandum of Points and Authorities in support hereof.


>   Respectfully submitted,
>
>   s/Eugene O'Malley_____
>   Eugene O'Malley, Attorney for Defendant

Eugene O'Malley
Attorney for Defendant
910 West Jackson Boulevard
Chicago, Illinois 60607
312/ 633-9232