IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

                                                No. 08 –CR-241-7
                                                The Honorable
                                                Blanche Manning

                                  v.

**RUEBEN ROMO**

## MOTION FOR DISCOVERY

      Defendant, RUEBEN ROMO, by his attorney, Eugene O'Malley, pursuant to Rule 16(a)(l) of the Federal Rules of Criminal Procedure and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 427 U.S. 97 (1976), moves the Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due may become known, which is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or which bears upon the credibility of a government witness, or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial.

**Defense counsel has received from the government certain information and documents. As the Court and the government are aware, the government is required to provide defense counsel with, among other things, any evidence favorable to the defendant. Defense counsel has no reason to believe that the government has failed to comply with this requirement. However, the instant motion is nonetheless required in order to preserve on the record any issues under the foregoing authorities, as the protections afforded thereunder are contingent upon a defense request.**

**The information requested includes, but is not limited to, the following:**

      **1. Any and all documents and information regarding the defendant's mental health history.**

**2.** The name, last known address and statement, grand jury testimony, or memorandum of interview, if any, of any individual whose testimony would be favorable to the defendant in any way or consistent with the defendant's innocence.

**3.** The name, last known address and statement or memorandum of interview, if any, of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the government, regardless of whether the government intends to call such person as a government witness.

**4.** Any documentary evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

**5.** Any prior statements of a witness for the government which are inconsistent with his or her expected trial testimony.

**6.** The name, address and statement or memorandum of interview, if any, of any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendant in this activity.

**7.** Any and all books, papers, records or documents which contain evidence favorable to the defendant or are consistent with the defendant's innocence or are material to the preparation of the defense or are intended for use by the government as evidence at trial.

**8.** Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony. This includes any plea agreement entered into between the government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury or other proceeding or is furnishing data or information to the government.

**9.** An accounting of any money paid to any witness by the government including, but not limited to, rewards, subsistence payments, expenses or payments made for specific information supplied to the government.

**10.** Any assistance provided by any attorney or agent of the government to a witness for any reason.

**11.** The criminal identification and history sheet of each government witness.

**12.** Any criminal charges pending against any government witness which have not been disposed of either by conviction or acquittal.

**13. Any criminal activity in which a government witness has engaged which has not resulted in prosecution or conviction.**

**14. The results of reports of any scientific, or any other, examinations or tests performed by the government upon any evidence in this case.**

**Respectfully submitted,**

**s/Eugene O'Malley**
**Eugene O'Malley, Attorney for Defendant**

**Eugene O'Malley**
**Attorney for Defendant**
**910 West Jackson Boulevard**
**Chicago, Illinois 60607**
**312/ 633-9232**