## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,

                       **No. 08 –CR-241-7**

**v.**                          **The Honorable Blanche Manning**

**RUEBEN ROMO**

### DEFENDANT RUEBEN ROMO' MOTION FOR HEARING OR PROFFER
### ON ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS

    Now comes Defendant, RUEBEN ROMO, by his attorney, Eugene O'Malley, and respectfully moves this Court to hold a hearing pursuant to Rule 104(a) of the Federal Rules of Evidence to determine whether or not the statements of any of the co-conspirators listed in the indictment and any other unindicted co-conspirator(s) are admissible against Defendant. In support of this motion, Defendant states the following:

    1.  It appears, upon information and belief that the government intends to introduce statements of alleged charged and uncharged co-conspirator(s) against Defendant at trial, pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

    2.  Such co-conspirator's statements are inadmissible hearsay under Rules 801( c ) and 802 of the Federal Rules of Evidence unless the government can demonstrate, by a preponderance of evidence, that:

        a.  A conspiracy existed; and

        b.  The Defendant was a member of the alleged conspiracy; and

        c.  The statement was made during the course of and in furtherance of the conspiracy.Federal Rule of Evidence 801(d) (2) (E), <u>Bourjaily v. United States,</u> 107 S.Ct. 2775, 2778(1987); <u>United States v. Nixon,</u> 418 U.S. 683, 701 n. 14 (1974); <u>United States v. Gil,</u> 604 F.2d 546, 548 (7th Cir. 1979); <u>United States v. Santiago,</u> 582 F.2d 1128 (7th Cir. 1978).

3.  "Rule 104 [of the Federal Rules of Evidence] requires a preliminary determination by the trial judge as to the admissibility of the declaration of a con-conspirator." <u>Santiago,</u> 582 F.2d 1131. The Seventh Circuit has recognized that the district court has a duty to screen proposed co-conspirator statements for admissibility. <u>United States v. Stephenson,</u> 53 F.3d 836, 842 (7th Cir. 1995); Fed. R. Evid. 104(a). A recognized way of bringing such issues to the district court's attention is through the government's filing of a pre-trial proffer pursuant to <u>Santiago. United States v. Rodriguez,</u> 975 F.2d 404, 406 (7th Cir. 1992). Admission of such statements without the requisite showing by the government would violate the defendant's Sixth Amendment confrontation right.

4.  A pretrial proffer is the preferred procedure and has been approved by the Seventh Circuit. <u>United States v. Haynie,</u> 179 F.3d 1048, 1050 (7th Cir. 1999). A preliminary determination is necessary because: (a) it ensures that prejudicial information does not erroneously reach the jury requiring a mistrial (b) it contributes to efficiency at trial by eliminating many trial objections and rulings; (c) lessens potential jury confusion; and (d) it facilitates appellate review. See <u>Santiago supra, United States v. Mahone,</u> 537 F.2d 922, 929 (7th Cir.), cert. <u>denied,</u> 429 U.S. 922(1976). An advance ruling is especially critical in conspiracy cases where an adverse ruling in a joint trial may require defendants to move for separate trials.

Wherefore, for all of the above reasons, Defendant requests a hearing or a proffer pursuant to Rule 104(a) wherein these issues may be determined.

s/Eugene O'Malley_____

\Eugene O'Malley, Attorney for Defendant

Eugene O'Malley
Attorney for Defendant
910 West Jackson Boulevard
Chicago, Illinois 60607
312/ 633-9232

(i)