UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 241 |
| v. | ) | Hon. Blanche M. Manning |
| | ) | |
| JOSE EDUARDO SERRANO-ESPINOZA | ) | |
| ROGELIO SOBERANIS | ) | |
| ROSALIO SOBERANIS | ) | |
| MARIANO LOPEZ | ) | |
| ROBERTO CARLOS SILVA LOPEZ | ) | |
| HECTOR URBINA | ) | |
| REUBEN ROMO | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO**
**DEFENDANTS' PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, submits the following consolidated response to

pretrial motions filed by defendants Reuben Romo ("Romo") and Mariano Lopez ("Lopez") :

**I.     LOPEZ'S MOTION TO ADOPT CO-DEFENDANTS' MOTIONS**

Defendant Mariano Lopez ("Lopez") has moved to adopt the motions of co-defendants.[1] The

government has no objection to Lopez's adoption of Romo's pretrial motions, provided that the

motions are legally and factually applicable to defendant Lopez.

**II.    DEFENDANTS' MOTIONS TO PROVIDE NOTICE OF INTENT TO USE**
**EVIDENCE OF OTHER CRIMES, ACTS AND WRONGS OF DEFENDANTS**

Defendants have moved for disclosure of "other acts" evidence offered pursuant to Federal

Rule of Evidence 404(b), arguing that such disclosures require information far beyond that set forth

---

[1]  Mariano Lopez and Reuben Romo are the only defendants who filed pre-trial motions,
and references to "defendants" will generally refer to Lopez and Romo.

1

in the rule. Defendants also expand this request to all information used for impeachment under Federal Rule of Evidence 608(b). The government has produced to defendants substantial discovery which will generally provide the basis for 404(b) evidence and, further, expects to disclose to defendants, within a reasonable time prior to trial, its intent to use evidence of other acts, pursuant to Rule 404(b). The government requests that the remainder of defendants' motion regarding evidence of other acts be denied, for the following reasons:

       a.      <u>Defendants' Request For Disclosure of Rule 404(b) Evidence</u>

In their motions, defendants argue that the Court should require the government to disclose not only the general nature of "other acts" evidence, but also specific evidentiary detail, including the dates, times, places and persons involved in such other acts, the statements of each participant in such other acts, any documents relating to such other acts, and the relevancy of such other acts. Rule 404(b) requires no such detail. Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). It defies logic to suggest that greater disclosure is necessary with respect to evidence of acts that do not form the basis of the charges.

The defendants' detailed request is undermined by the plain language of Rule 404(b) itself, which specifically precludes the detailed disclosure demanded by the defendants. Rule 404(b) requires only that the prosecution "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, *of the general nature* of any [other-acts] evidence it intends to introduce at trial." Fed. R. Evid. 404(b) (emphasis added). *See also United States v. Sims*, 808 F. Supp. 607, 610-11 (N.D. Ill. 1992).

The proviso that the government need only provide information concerning the *general*

*nature* of any other-acts evidence it intends to use was not accidental. The Senate Judiciary Committee, which formulated the revision to Rule 404(b), "considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument....Instead, the Committee opted for a generalized notice provision...." Note of Advisory Committee, 1991 Amendments, reprinted in Federal Criminal Code and Rules at 309-10. In this case, the defendants seek information far beyond the generalized notice of other acts evidence, and far beyond that required in a charging document; the defendants thus argue that this Court enforce Rule 404(b) by requiring even more particularity than that considered and rejected by Congress.

All a defendant requires in order to formulate appropriate motions *in limine* is a statement of the general nature of any other-acts evidence to be offered. This court has recognized that Rule 404(b) requires "the government need only 'apprise the defense of the general nature of the evidence of extrinsic acts'"). *See United States v. Fassnacht*, 2002 WL 63523 *8 (N.D.Ill., Manning, J.). Thus, defendants' request for specific information on each "other act" should be denied.

The defendants also request information concerning facts that are intricately related to the facts of the case, if such evidence could "arguably be 404(b) material." Such a request goes beyond that required by Rule 404(b). If the government has additional Rule 404(b) material, it will disclose it in accordance with the rules. The government is not required to disclose evidence that does not fall within Rule 404(b).

In addition, Rule 404(b) provides that the government should provide *reasonable* notice of its intent to use such evidence in advance of trial. (emphasis added) The Advisory Committee Notes to the 1991 Amendments to Rule 404(b) state that no specific time limits for notice are included stated because "what constitutes a reasonable request or disclosure will depend largely on the

circumstances of each case." Note of Advisory Committee, 1991 Amendments, reprinted in Federal Criminal Code and Rules at 309-10. Evidence which may be admissible at trial under Rule 404(b) generally is not required to be turned over to the defendants prior to trial, if that material is not exculpatory within the meaning of *Brady*. *See United States v. Swiatek*, 632 F. Supp. 985, 989 (N.D. Ill. 1986)(citations omitted). Given that the government has already provided or made available, and is continuing to produce, the bulk of the materials that will provide the basis for any Rule 404(b) motion, any Rule 404(b) disclosures should not come as a surprise to defendants. As the government prepares for trial, and is able to develop a better understanding of what will be offered within the context of actual trial, the government will produce any additional 404(b) information not already produced in discovery; the government expects that such information will be produced within two weeks prior to trial, which is sufficient time for the defendants to evaluate the information. This court has recognized that such disclosures even 14 days prior to trial satisfy the "reasonable notice" requirement. *United States v. Hankton*, 2001 WL 893816 *4 (N.D.Ill., Manning, J.).

      b.      <u>Disclosure of Rule 608(b) Material</u>

Defendants also request that the government be ordered to include in its Rule 404(b) submission any Rule 608(b) evidence against them. Rule 608(b) permits inquiry, for impeachment purposes, into prior specific instances of conduct on cross-examination of a witness, where the conduct inquired about bears on the issue of credibility. Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes. Indeed, the defendants are not entitled to any discovery of Rule 608(b) material. *United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985); *Sims*, 808 F. Supp. at 611; *United States v. Murray*, 2006 WL 1987811 *4 (N.D.

4

Ill.); *United States v. Hankton*, 2001 WL 893816 *4 (N.D.Ill., Manning, J.).  It would place an almost impossible burden on the government to ask prosecutors to anticipate what Rule 608(b) evidence may become relevant during the cross-examination of defense witnesses at trial.

In addition, requiring notice of Rule 608(b) material would eliminate the effectiveness of the use of specific instances of misconduct by depriving the jury of the opportunity to observe the witnesses' spontaneous responses to the questioning, and unfairly benefit the defendants.  Disclosure would not further the truth-seeking function of the trial.  *United States v. Climatemp*, 482 F. Supp. 376, 391 (N.D. Ill. 1979); *United States v. Swiatek*, 632 F. Supp. 985, 989 (N.D. Ill. 1986).  "No rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it calls a witness."  *United States v. Baskes*, 649 F.2d 471, 477 (7th Cir. 1980).  Accordingly, because of the potential prejudice to the government, and under both existing authority and the plain language of the Rule, this Court should deny the defendants' motions to the extend pretrial disclosure to Rule 608(b) evidence.

## III.    DEFENDANTS' MOTION FOR DISCLOSURE OF *BRADY* AND *GIGLIO* MATERIALS

a. The Government Acknowledges Its *Brady* and *Giglio* Obligations

The defendants request that the government be ordered to turn over materials and information pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) ninety days prior to trial. The government acknowledges its ongoing duty to disclose *Brady* material to the defendants in this case. This acknowledgment alone is a sufficient basis upon which to deny the defendants' motion.  *United States v. Sims,* 808 F. Supp. 607, 614 (N.D. Ill. 1992)(motion to produce *Brady* material denied as moot in light of government's acknowledgment of awareness of its *Brady* obligations).  The

government also acknowledges its duty to produce materials under *Giglio v. United States,* 405 U.S. 150 (1972). The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio,* those assurances are sufficient." *United States v. Butler,* 1994 WL 6987, *2 (N.D. Ill. Feb. 4, 1994). The government already has disclosed in discovery any *Brady* material of which it is aware, and will provide in a timely manner any additional *Brady/Giglio* material as it becomes known to the government (except as to any witness who could be endangered by such pretrial disclosure, in which case the government will timely bring the matter to the court's attention). The government further agrees to disclose all Jencks Act materials and potential impeachment evidence then known to the government in advance of trial, which further insures that the defendants' rights under *Brady* and *Giglio* will be protected. *United States v. Balogun,* 971 F.Supp. 1215, 1231 (N.D. Ill. 1997). The government respectfully requests that defense counsel make the same disclosures regarding their witnesses at that same time.

To the extent that the defendants are requesting the immediate disclosure of *Brady/Giglio* material as to all witnesses, the motion should be denied. As this court recognized in *United States v. Hankton*, 2001 WL 893816 *1 (N.D.Ill., Manning, J.), where the government acknowledges an ongoing obligation to turn over *Brady* and *Giglio* evidence, fourteen days prior to trial is "sufficient time for [defendant] to analyze and assimilate all favorable evidence in preparation for trial." *See also Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Balogun,* 971 F. Supp. 1215, 1230-31 (N.D. Ill. 1997); *United States v. Riggs*, 739 F. Supp. 414, 425 (N.D. Ill. 1990); *United States v. Dell*, 736 F. Supp. 186, 192 (N.D. Ill. 1990)(all holding that the government has no obligation to provide any such information prior to trial). The type of information sought by this request requires little or no warning to be used effectively in cross-examination, and, therefore, under

6

the law need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). Moreover, even though the government has turned over any Brady/Giglio information of which it is aware, and will continue to make any disclosures in a timely fashion, the government often learns of such information in the context of preparing witnesses for trial.

The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide defendants with all of the materials requested in their pretrial motions. Rather, the government will abide by the law in this Circuit, and will provide defendant with any and all materials to which they are entitled in a timely manner.

      b.     <u>Defendants' Additional Requests Under *Brady* and *Giglio* Should Be Denied As Overly Broad.</u>

To the extent that defendants' requests for discovery materials are above and beyond the government's disclosure obligations under *Brady* and *Giglio*, such requests should be denied. For instance, defendants move for "material going to the credibility of even a non-testifying hearsay declarant." *Giglio* requires disclosure only of material going to the credibility of a testifying witness. If a statement of a non-testifying hearsay declarant is admitted at trial, the evidence will be admitted because the declarant's credibility is not a determining factor in admitting such evidence, *i.e.*, either the statement is not offered for the truth of the matter, or it is admitted as an exception to the hearsay rule. Defendants' attempt to stretch *Giglio* to non-testifying witnesses must be rejected.

Defendants also ask that the government be ordered to identify inconsistent (but not necessarily exculpatory) statements of witnesses, statements by people who had no knowledge of the crime, and to identify documents and communications which would help the defendant impeach witness. *Lopez Motion,* ¶¶ 4a, 21, 22, 23. These requests should be denied because they

do not seek exculpatory evidence or material that goes to the credibility of witnesses. Moreover, the government does not have an obligation to identify *Brady* material for the defense, as long as that material has been made available to the defense. *See United States v. Parks*, 100 F.3d 1300, 1307 (7th Cir. 1996)("[T]he Government will not be found to have suppressed material information if the information is available to a defendant through the exercise of reasonable diligence.) There is a *Brady* obligation to disclose favorable evidence, but not to interpret, highlight, or draw inferences from it. *See United States v. Flores-Sandoval*, 94 F.3d 346, 353 (7th 1996)("The government is not required to provide to a defendant all exculpatory arguments he might employ in defending himself."); *United States v. Fountain*, 83 F.3d 946, 949 (8th 1996)(No violation where the government provided discovery but did not highlight inconsistencies); *United States v. Rodriquez-Alvarado*, 985 F.2d 15, 19 (1st 1993)(no violation where government produced polygraph test and other inconsistent statements without pointing out inconsistencies). Similarly, defendants' request that the government prepare summaries of statements should be denied, because the government does not have an obligation to prepare reports concerning every statement made by a witness.

Defendants also request production of numerous documents, information, and materials which are not in the custody or control of, and are unknown to, the U.S. Attorney's Office or the case agents, including a request for personnel files, medical histories, psychiatric histories, inconsistent statements by non-witnesses, information concerning prior criminal activity, and other information. The government does not have an obligation to produce information which is not within its control. *See United States v. Bhutani*, 175 F.3d 572, 577 (7th Cir. 1999). The government

8

has no obligation to seek out the information or documents requested by the defense. *See United States v. Hach*, 162 F.3d 937, 946 (7th Cir. 1998) ("a failure to show that the records a defendant seeks are in the government's possession is fatal to the defendant's claim. . . if the documents are not in the government's possession, there can be no "state action" and consequently, no violation of Fourteenth Amendment.").

For instance, defendants request that the government be ordered to produce criminal records for all witnesses, including rap sheets, juvenile adjudications, and all records and information revealing prior convictions. Romo ¶ 11, Lopez ¶ 1. The defendants also request information concerning any prior misconduct by government witnesses. Lopez ¶ 2. The government understands its obligations of disclosure to defendants of information that it has learned through reasonable inquiry of a witness. However, the government does not have an obligation to run rap sheets for every witness, or to investigate a witness to determine whether there is prior criminal activity, or search for criminal records, which could include traffic tickets and other matters in courts across the United States.

The defendants also seek production of law suits and potential lawsuits (*Lopez Motion,* ¶ 5), personnel records and internal investigation files (*Id.* ¶ 6), oral and written information concerning hospitalizations, physical exams, mental exams, alcoholism, and drug use (*Id.* ¶ 7), relating to witnesses. These requests, as well as other requests set forth in the remaining paragraphs of Lopez's motion are overly broad and should be denied. Moreover, the defendants have equal access to running witness's names for lawsuits.

Finally, the defense asks for an order requiring production of records relating to

polygraph examinations (*Id*., ¶ 16)  The government is not aware of any polygraph exams that were given to any potential witnesses who may testify in the government's case-in-chief. Thus, the defendants' motion should be denied as being moot.  This issue is further addressed in the Government's Motions, set forth below.

**IV.    DEFENDANTS' MOTION FOR A HEARING ON THE ADMISSIBILITY OF CO-CONSPIRATORS' STATEMENTS OR IN THE ALTERNATIVE FOR A *SANTIAGO* PROFFER**

Defendants have moved that the Court to conduct a hearing to determine the admissibility of coconspirators' statements, or in the alternative, to require the government to provide a *Santiago* proffer in advance of trial if the government intends to offer coconspirators' statements into evidence at trial under Federal Rule of Evidence 801(d)(2)(E).  The government's position is that a hearing regarding the admissibility of coconspirators' statements is unnecessary.  The government  agrees to file its *Santiago* proffer two weeks prior to trial.  Defendants already have been given extensive discovery regarding coconspirator statements, including: the complaint in this case, detailing the conspiracy in a 77 page affidavit, containing more than 200 paragraphs; grand jury transcripts setting forth the evidence of the conspiracy; Title III affidavits setting forth the conspiracy; audio recorded Title III and consensually-recorded conversations and transcripts; and other materials.  Given this information, a *Santiago* proffer filed two weeks prior to the start of the trial is more than ample for defendant to prepare for trial.

**V.    DEFENDANTS' MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE**

Defendants have moved that the government be required to disclose and to certify the extent of electronic surveillance, and to disclose all matters pertaining to electronic surveillance, including

applications for surveillance, copies of recordings, transcripts and other related documentation.  The Court should deny the motion as moot and overly broad.

The government has provided defendants with all Title III wiretaps and supporting applications and orders in this case.  The government has provided copies of the actual Title III recordings of defendants in this case.  The government has provided copies of consensually recorded conversations in which defendants are participants.  The government has provided draft transcripts of Title III and consensually-monitored audio and video tape recordings, with the agreement of defense counsel that the drafts will not be used as evidence later at trial.  Additionally, the government has provided and will continue to provide access to law enforcement logs, progress reports, and other documentation maintained during the existence of the wiretaps.  Defendants have offered no statutory or case authority for disclosure beyond the abundant disclosure already tendered.  Thus, the motion should be denied as moot and overly broad.

## VI.    DEFENDANTS' MOTION FOR PRODUCTION AND DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANTS

Defendant Romo has moved for the government to produce the informant "at some point sufficiently in advance of trial."  Romo also argues that he is entitled to all information relating to the informant, including all communications between the informant and the government, on any matter.  Romo argues that he is entitled to all information relating to the informant, because Romo expects that a "focal point" of the trial against Romo will be the reliability of the informant.[2]  Romo also refers to the government's *Brady* and *Giglio* obligations with regard to such material.  Lopez,

---

[2]Romo also argues that this court should assess the credibility of the informant to the extent that he was used as a basis for finding that probable cause exists.  Romo already requested, and received, a preliminary hearing, which resulted in a finding of probable cause.

11

too, files a motion for all information regarding the informant, whether related to this case or not.

It is well-established that the government has a qualified privilege to withhold information regarding a confidential informant, in order to protect from disclosure the identity of citizens who assist law enforcement. *Roviaro v. United States*, 353 U.S. 53 (1957). "The underlying concern of the doctrine is the common sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." *United States v. Herrero*, 893 F. 2d 1512, 1525 (7th Cir. 1990) (affirming district court's refusal to disclose identity of informant at detention hearing); *United States v. Andrus*, 775 F.2d 825, 842 (7th Cir. 1985) (affirming refusal to disclose identity of informant at trial). The privilege extends not only to the informant's identity, but also to any communications with the government if the contents of those communications tend to reveal the informant's identity. *Herrero*, 893 F.2d at 1525. When asserting the privilege, the government is not required to show an actual threat in the particular case. Rather, "the government is granted the privilege as a right." *Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989).

A defendant may overcome the privilege, but only by showing that the identification of the informant is essential "to a balanced measure of the issues and the fair administration of justice." *Id.* at 372-73. In *Roviaro*, the Supreme Court held that, in determining whether the government must disclose the identity of an informant, a court must balance the defendant's need for disclosure to ensure a fair trial with the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes, and that no fixed rule exists for determining when disclosure of a confidential informant's identity is necessary. *Roviaro*, 353 U.S. at 62. *Accord*, *United States v. Jefferson*, 252 F.3d 937, 940-42 (7th Cir. 2001). Whether disclosure is required depends "on the

12

particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." *Andrus*, 775 F.2d at 841 (citing *Roviaro*).   Accordingly, a defendant must "establish a genuine need for disclosure," something beyond the bald assertion of the right to confront or cross-examine. *Andrus*, 775 F.2d at 842; *see also United States v. Bender*, 5 F.3d 267, 271 (7th Cir. 1993); *United States v. Spears*, 965 F.2d 262, 273 (7th Cir. 1992).

In the present case, the defendants have not established a need for such disclosure.   The roles of the confidential informants were laid out in both the lengthy affidavit in support of the criminal complaint, which was tendered to defense counsel, and in the affidavits in support of the Title III authorizations.   The fact that the confidential informants were witnesses to some of the criminal acts of some of the defendants does not automatically make the confidential informant material to the defense.   *See United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) ("It is not sufficient to show that the informant was a participant in and a witness to the crime charged.").   Instead, defendants must show that "the information sought is relevant and essential to the presentation of his case on the merits, and that the need for disclosure outweighs the need for secrecy."   *Cullen v. Margiotta*, 811 F.2d 698, 715-16 (2d Cir.), *cert. denied sub nom., Nassau County Republican Comm. v. Cullen*, 483 U.S. 1021 (1987).   Here, defendants have made no such particularized showing that the confidential informant is both material and relevant to the merits of the case, so as to outweigh the need for secrecy.

The confidential informants here will not be a "focal point at trial" either through testimony or otherwise.   The confidential informants here participated in *recorded* conversations with some defendants.   Given the recordings of defendants' own statements and conduct, the confidential

informants are not necessary for testimony at trial; given the recordings of defendants' own statements and conduct, the credibility of the confidential informants are not in issue.  Where the evidence is "based directly on wiretap evidence. . . [the defendant] has not, therefore, demonstrated that informant information 'is relevant and helpful to his defense, or is essential to a fair determination of the cause.'" *United States v. Murray*, 2006 WL 1987811  *4 (N.D. Ill.), *citing Rovario*.  Defendants' attempt to make the confidential informants the "focal point at trial" serves only to deflect the jury's attention from issues relevant to guilt.  This case is not about what the confidential informants say happened, because the defendants are captured on recordings.  There is no dispute about those encounters that cannot be resolved by the recording.  The recordings speak for themselves, just as the Title III recorded conversations will be offered as evidence at trial without the testimony of each of the participants in the conversation. defendants here simply have failed to overcome the privilege and, therefore, defendants' motion to disclose the identities, addresses and other personal information about the confidential informants at this time should be denied.

Of course, if any confidential informant testifies at trial, then his identity and other information concerning his testimony will be disclosed in accordance with all applicable law and rules, including the Jencks Act, *Brady* and *Giglio*, if it has not already been so disclosed to defendant in the voluminous discovery that has been tendered in this case.  Additionally, those cooperating witnesses who will be called to testify at defendants' trial will be made available for the defense to interview, should those prospective witnesses agree to be so interviewed.

## VII.   DEFENDANTS' MOTION TO EXCLUDE CODEFENDANT STATEMENTS AND FOR SEVERANCE

Defendants move to exclude any post-arrest confessions of their co-defendants, if such co-defendants are not subject to cross-examination at trial.  The government understands the holding of *Bruton v. United States*, 391 U.S. 123 (1968), and has no expectation of violating the *Bruton* holding.  Defendants bear a heavy burden in seeking a severance, which defendants do not address on its merits in the pretrial motions submitted.  *United States v. Stokes*, 211 F.3d 1039 (7th Cir. 2000); *United States v. Magana*, 118 F.3d 1173 (7th Cir. 1997).

The Federal Rules of Criminal Procedure plainly contemplate that multiple defendants may be tried together "if they are alleged to have participated...in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Souffront,* 338 F.3d 809, 828 (7th Cir. 2003)(quoting *Zafiro v. United States,* 506 U.S. 534, 537 (1992)). Similarly, there is a strong presumption that co-conspirators will be tried jointly. *United States v. McClurge,* 311 F.3d 866, 871 (7th Cir. 2002). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro,* 506 U.S. at 537 (quoting *Richardson v. Marsh,* 481 U.S. 200, 209-10 (1987)). One trial applicable to all defendants is preferred over separate trials because joint trials reduce the burdens on the judiciary, prosecutors, and witnesses, because of the extra expenses incurred in multiple trials, and because a single trial reduces the chance that each defendant will attempt to create reasonable doubt by blaming an absent co-conspirator. *United States v. Blassingame,* 197 F.3d 271, 286 (7th Cir. 1999). In all but the "most unusual circumstances," the risk of prejudice arising from a joint trial is "outweighed by the economies of

15

a single trial in which all facets of the crime can be explored once and for all." *Id.*

"Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538-39. "[The] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. In order to obtain a separate trial, a defendant must demonstrate that the denial of severance will cause him "actual prejudice" that will deprive him of his right to a fair trial; it is insufficient that separate trials will give a defendant a better opportunity for an acquittal. *United States v. Rollins,* 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted). In this case, the defendants have failed to show that denial of severance will cause actual prejudice.

Romo claims that he will submit further authority in support of his position. At that time, the government reserves the right to respond further. At this time, the government requests that the court deny the motion.

## VIII.    MOTION TO DISMISS OR ALTERNATIVE FOR BILL OF PARTICULARS THE GOVERNMENT'S MOTIONS

Defendants seek to dismiss the indictment on the grounds that it fails to provide the facts establishing the conspiracy, and, in the alternative, to require the government to provide a Bill of Particulars setting forth the dates, names and locations, and supporting material, for each action alleged to have been performed by the moving defendants in furtherance of the conspiracy. All defendants already have this information in the discovery which the government has produced.

An indictment is not required to provide the specific detail requested by defendants to

16

effectively put a defendant on notice of the offenses charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). When the indictment fails to sufficiently apprise the defendant of the offenses for which he is charged, a court may direct the government to file a bill of particulars under Federal Rule of Criminal Procedure 7(f). *United States v. Hankton*, 2001 WL 893816 *3. (N.D.Ill., Manning, J.) The defendant has a constitutional right to know the offenses with which he is charged, but not the details of how it will be proved. *Id.* However, a bill of particulars may be authorized to: (1) provide the defendant with additional facts necessary to prepare a defense; (2) supply a defendant with sufficient information in order to avoid surprise at trial; or (3) protect a defendant from the potential for double jeopardy. *United States v. Swiatek*, 632 F. Supp. 985, 989 (N.D. Ill. 1986). Defendants here contend that a bill is necessary for preparation of trial, which is taken to fall within the first two purposes. *Id*. However, a bill of particulars is not to be used as Rule 16 discovery. *See United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) (collecting cases).

Where the indictment, coupled with available discovery, sufficiently informs the defendant of the offenses with which he is charged, the request for a bill of particulars should be denied. *Swiatek*, 632 F.Supp. at 988. Here, the government has produced to defendants voluminous discovery: the 77 page affidavit, in more than 200 paragraphs, lays out in chronological order, the specific dates, times, places and people involved in numerous acts; the grand jury testimony produced lays out, by transaction, the specific dates, times, places, people and acts of each defendant. The government also has produced approximately: 40 recordings of surveillance videos and calls; more than 7,000 sessions of calls recorded under Title III; 1,273 pages of Title III applications/affidavits/reports; 363 pages of FBI Reports; 116 pages of DEA Reports; 47 pages of

17

lab reports; 150 pages of draft transcripts of consensually recorded calls; and 30 pages of criminal histories and arrest warrants.  The indictment and discovery have provided defendants with more than enough information to apprise them of the charges against them and to allow them to prepare for trial.  A bill of particulars would only require the government to create yet another summary of the discovery produced to defendants, which is not a permissible use of the bill of particulars.  Thus, the defendants' motion to dismiss or for a bill of particulars should, therefore, be denied.

## GOVERNMENT'S MOTIONS

### I.    GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

The government moves this Court to enter an order requiring the defendants to make immediately available, and on an on-going basis, for inspection by the government:

1.    All photographs, books, papers, documents, and tangible objects, including tape recordings which are in the possession, custody, and control of defendants and their counsel which they intend to introduce at trial;

2.    Any result or report of any physical or mental examination and scientific tests or experiments made in connection with this case, which are in the possession or control of defendants or their counsel and which defendants intend to introduce as evidence-in-chief at trial or which was prepared by a witness whom defendants intend to call at trial; and

3.    Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

4.    A draft witness list 7 days before trial.

Defendants should be required to make these disclosures prior to trial.  *See* Rule 16(b)(1)(a), (b), (c); *see also,* Notes of the Advisory Committee on the Rules ("a requirement that the defendant

18

disclose, in advance of trial, material which he intends to use on his own behalf at trial is not a violation of the privilege against self-incrimination."). The defendants have been given discovery by the government. Therefore, it is appropriate that defendants now make the reciprocal disclosures that the rules of criminal procedure require, since, "[d]iscovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

## II. GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO, CROSS-EXAMINATION ABOUT, OR ARGUMENT REGARDING POLYGRAPHS

The government respectfully requests that the Court prohibit defense counsel from making any reference to polygraphs, in cross-examination, argument or otherwise, including asking any witnesses as to whether or not the government administered a polygraph to that witness or some other witness. The defense now knows that no polygraph was administered, at least for the witnesses the government anticipates calling in the government's case-in-chief. The polygraph examination itself is inadmissible, as is the lack of such an examination. Such a line of questioning may improperly suggest to the jury that the government had some ulterior motive, (i.e., the government thought the witness would flunk the polygraph), or that the government acted improperly in not giving the witness a polygraph. Such a line of questioning would be highly prejudicial and should be excluded.

## III. <u>GOVERNMENT'S MOTION FOR EARLY RETURN OF TRIAL SUBPOENAS</u>

The government respectfully requests that the Court authorize the early return of trial subpoenas under Rule 17(c). The government further requests that both sides be required to produce to the other side - within 14 days after receipt - any materials obtained with trial subpoenas.

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that this Court rule in accordance with the arguments made above.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


BY:    *ss// Jacqueline Stern*
       **JACQUELINE STERN**
       **SHERI H. MECKLENBERG**
       Assistant U.S. Attorneys
       U.S. Attorney's Office
       219 S. Dearborn Street
       Chicago, Illinois  60604
       (312) 353-5329

20

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS' PRETRIAL MOTIONS

was served pursuant to the district court's ECF system as to ECF filers.

BY:     *ss// Jacqueline Stern*
        **JACQUELINE STERN**
        **SHERI H. MECKLENBERG**
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        219 S. Dearborn Street
        Chicago, Illinois  60604
        (312) 353-5329